IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **MELISSA GREENSTEIN**<br>3501 W 92nd Street<br>Leawood, KS 66206<br><br>**On behalf of herself and all other persons similarly situated,**<br><br>**Plaintiffs,**<br><br>vs.<br><br>**MEREDITH CORPORATION**<br><br>**Defendant.**<br><br>Service Instructions: Registered Agent:<br>The Corporation Company,<br>112 SW 7th St., Suite 3C,<br>Topeka, KS 66603 | **Cause of Action No** 11-cv-2399 RDR/KGS<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT**
***Collective and Class Action Claims***

**COME NOW,** the Plaintiff Melissa Greenstein on behalf of herself, and all others similarly situated, by and through counsel, and hereby set forth their representative action for violation of the Fair Labor Standards Act under §216(b), and a representative action for violation of the Kansas Wage Payment Act ("KWPA") under Fed. R. Civ. P. 23 as follows:

**PRELIMINARY STATEMENT**

1. Plaintiff, on behalf of herself and all others similarly situated, bring this action against Defendant, Meredith Corporation (hereinafter "Meredith," or "Defendant"), for unpaid straight time and overtime compensation, and related penalties and damages. It is Defendant's practice and policy to willfully fail and refuse to properly pay all straight time and overtime compensation due and owing to Plaintiff, and all other

similarly situated employees, and doing so is in direct violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*

2. The Plaintiff, on behalf of herself and all others similarly situated, brings this action against Defendant for unpaid straight time and overtime compensation, and related penalties and damages for Defendant's practice and policy of willfully failing and refusing to properly pay all wages due and owing to Plaintiff and all other similarly situated employees. Doing so is in direct violation of the KWPA, K.S.A. § 44-312, *et seq*.

3. Defendant's pay practices and policies are in direct violation of the FLSA, and/or the KWPA, and therefore Plaintiff, on behalf of herself and all others similarly situated, seeks declaratory relief; unpaid straight time compensation; overtime premiums for all overtime work required, suffered, or permitted by Defendant; compensation for wages wrongfully withheld or deducted; liquidated and/or other damages as permitted by applicable law; and attorneys' fees, costs, and expenses incurred in this action.

**PARTIES**

4. Plaintiff Melissa Greenstein currently resides at 3501 West 92nd Street, Leawood, KS 66206.

5. Plaintiff was employed as a Producer for the Defendant, and was paid solely on a salary basis, and worked at Defendant's place of business located at 4500 Shawnee Mission Pkwy, Fairway, Johnson County, Kansas.

6. The Putative Plaintiff/Class Members are those employees, and former employees, of Defendant employed in the capacity of Producers in Kansas, and throughout the

nation, and who were suffered or permitted to work by Defendant while not being paid straight time and overtime compensation for all hours worked.

7. Defendant is an Iowa Corporation registered and in good standing in the State of Kansas with its principle place of business located at 1716 LOCUST ST, DES MOINES, IA 50309, and business address of 4500 Shawnee Mission Pkwy, Fairway, Johnson County, Kansas.

8. Defendant operates offices in the following additional locations: Atlanta, Georgia; Beaverton, Oregon; Henderson, Nevada; Nashville, Tennessee; Greenville, South Carolina; Rocky Hill, Connecticut; Phoenix, Arizona; Saginaw and Flint, Michigan; and Springfield, Massachusetts.

9. Service may be made on Defendant in Kansas by serving its registered agent The Corporation Company, 112 SW 7th St., Suite 3C, Topeka, KS 66603.

10. At all relevant times, Defendant was the employer of Plaintiff, and all other similarly situated employees, and is thus liable to Plaintiff, and all others similarly situated, as an employer, joint employer, single employer and/or otherwise according to statutory and common law.

**JURISDICTION AND VENUE**

11. This Court has original federal question jurisdiction under 28 U.S.C. § 1311 for the claims brought under the FLSA, 29 U.S.C. § 201, *et seq.*

12. The United States District Court for the District of Kansas has personal jurisdiction because Defendant conducts business in Johnson County, Kansas, which is located within this District.

13. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), inasmuch as the Defendant has offices, conducts business, has substantial business contacts and can be found in the District of Kansas, and the causes of action set forth herein have arisen, in part, and occurred, in part, in the District of Kansas.

14. Venue is further proper under 29 U.S.C. § 1132(e)(2) because Defendant has substantial business contacts within the State of Kansas, because Ms. Greenstein resides in Johnson County, Kansas and because some of the unlawful acts alleged herein occurred in Johnson County, Kansas.

15. The claims for violations of the KWPA are based upon the statutory law of the State of Kansas.

16. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367 for the pendant state claims because they arise out of the same nucleus of operative facts as the FLSA claim.

17. All of the alleged causes of action can be determined in this judicial proceeding and will provide judicial economy, fairness and convenience for the parties.

18. The liability evidence establishing both causes of action will be similar and neither issue will predominate nor create confusion to a jury.

**GENERAL COLLECTIVE/CLASS ACTION ALLEGATIONS**

19. This Complaint may be brought and maintained as an "opt-in" collective action pursuant to Section 16 of the FLSA, 29 U.S.C. § 216(b); in that the claims of Plaintiff are similar to the claims of the Putative Plaintiff. Alternatively, however, the claims arising under the KWPA as set forth below are properly maintainable as a class action

under FED. R. CIV. P. 23 for those Producers/Putative class members working within the State of Kansas as Kansas employees.

20. Putative Plaintiffs/Class Members are those current and former Producers of Defendant who had, or have, the same, or substantially similar, job duties and who were suffered or permitted to work by Defendant, in Kansas or at Defendant's various locations throughout the nation, while not being paid straight time and overtime compensation for all hours worked.

21. At all relevant times, Defendant has had a policy and practice of failing and refusing to compensate its Producers straight time for all hours worked and overtime compensation for all hours worked in excess of forty hours per week.

22. The Plaintiff and all Putative Plaintiffs/Class Members were subject to Defendant's policies and practices of failing and refusing to compensate employees their regular or statutorily required rate of pay for all hours worked.

23. Common questions of law and fact predominate in this action because the claims of Plaintiff, and all others similarly situated, are based on whether Defendant's policy and practice of failing and refusing to compensate its Producers for all straight time and overtime pay for all hours worked violates the FLSA and Kansas state wage and hour laws.

24. The Class size is believed to be sufficiently numerous to warrant treatment as a collective/class action.

25. The Plaintiff will adequately represent the interests of the Putative Plaintiff/Class Members because they are similarly situated to the Putative Plaintiff/Class Members

and their claims are typical of, and concurrent to, the claims of the other Putative Plaintiff/Class Members.

26. There are no known conflicts of interest between the Plaintiff and the other Putative Plaintiff/Class Members.

27. The Class Counsel is qualified and able to litigate the Putative Plaintiffs'/Class Members' claims.

28. The Class Counsel concentrate their practice in employment litigation, and their attorneys are experienced in collective/class action litigation, including collective/class actions arising under federal and state wage and hour laws.

29. The collective/class action mechanism is superior to any alternatives that might exist for the fair and efficient adjudication of this cause of action.

30. Proceeding as a collective/class action would permit the large number of injured parties to prosecute their common claims in a single forum simultaneously, efficiently, and without unnecessary duplication of evidence, effort, and judicial resources.

31. A collective/class action is the only practical way to avoid the potentially inconsistent results that numerous individual trials are likely to generate.

32. Collective/class action treatment is the only realistic means by which Plaintiffs can effectively litigate against a large, well-represented corporate entity such as Defendant.

33. Numerous repetitive individual actions would also place an enormous burden on the courts as they would be forced to take duplicative evidence and decide the same issues relating to Defendant's conduct repeatedly.

34. Individual joinder of all Putative Plaintiffs/Class Members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class.

35. Each Putative Plaintiff /Class Member has been damaged and is entitled to recovery by reason of Defendant's illegal policies and/or practices of permitting, suffering and/or failing to compensate employees their regular or statutorily required rate of pay for all hours worked.

36. Collective/class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.

37. Plaintiff, on behalf of herself and all others similarly situated, set forth additional collective/class action allegations in the various counts set forth herein.

**FIRST CAUSE OF ACTION/COUNT I**
***Fair Labor Standards Act***

38. As far as the factual allegations set forth above are applicable to the claims made in Count I, the Plaintiff hereby incorporate all of the above paragraphs in this Complaint as if fully set forth in this Count.

39. Plaintiff was employed by the Defendant. During this time frame, Plaintiff performed work for Defendant in the position of Producer.

40. Prior to, during, and after the Plaintiff's employment with the Defendant, the Defendant employed, in Kansas and throughout the nation, numerous other individuals who had the same job duties and compensation structure as Plaintiff (the Putative Plaintiffs/Putative Representative Action Plaintiffs).

41. Plaintiff brings this Complaint as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons who were, are, or will be employed by the Defendant as Producers within three years from the commencement of this action who have not been paid straight time for all hours worked and overtime compensation, at one-and-one-half times the regular rate of pay, for all work performed in excess of forty hours per week.

42. This Complaint may be brought and maintained as an "opt-in" collective action pursuant to Section 16 of the FLSA, 29 U.S.C. § 216(b), for all claims asserted by the Putative Representative Action Plaintiffs because the claims of Plaintiff are similar to the claims of the Putative Plaintiffs of the representative action.

43. Plaintiff and the Putative Representative Action Plaintiffs are similarly situated, have substantially similar job requirements and pay provisions, and are subject to Defendant's common practice, policy, or plan of refusing to pay straight time and overtime in violation of the FLSA.

44. The names and addresses of the putative members of the representative action are available from Defendant. To the extent required by law, notice will be provided to said individuals via First Class Mail and/or by the use of techniques and a form of notice similar to those customarily used in representative actions.

45. At all relevant times, Defendant has been, and continues to be, an "employer" engaged in interstate "commerce" and/or in the production of "goods" for "commerce" within the meaning of the FLSA, 29 U.S.C. § 203.

46. At all relevant times, Defendant has employed, and/or continues to employ, "employee[s]," including each of the putative members of the FLSA representative action.

47. At all times relevant herein, Defendant has had gross operating revenues in excess of $500,000.00 (Five Hundred Thousand Dollars).

48. The FLSA requires each covered employer, such as the Defendant, to compensate all non-exempt employees straight time for all hours worked and overtime compensation, at a rate of not less than one-and-one-half the regular rate of pay, for work performed in excess of forty hours in a work week.

49. Plaintiff and the putative members of the FLSA representative action are not exempt from the right to receive overtime pay under the FLSA and are not exempt from the requirement that their employer pay them overtime compensation under the FLSA.

50. Plaintiff, and the putative members of the FLSA representative action, are entitled to be paid overtime compensation for all overtime hours worked.

51. At all relevant times, Defendant has had a policy and practice of failing and refusing to pay to its Producers straight time for all hours worked and overtime pay at a rate of not less than one-and-one-half the regular rate of pay for work performed in excess of forty hours in a work week.

52. The Defendant's failure to compensate Plaintiff, and all others similarly situated, straight time for all hours worked and overtime compensation, at a rate of not less than one-and-one half times the regular rate of pay, for work performed in excess of forty hours in a work week constitutes a violation of the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. § 207(a)(1).

53. Defendant's violation of the FLSA is continual in nature; in that Defendant continues to pay its Producers under the same unlawful policies and procedures that are set forth in detail herein.

54. The foregoing conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

55. The Plaintiff, on behalf of herself and all others similarly situated, seeks damages in the amount of all respective unpaid straight time and overtime compensation at a rate of one-and-one half times the regular rate of pay for work performed in excess of forty hours in a work week, plus liquidated damages, recovery of all attorneys' fees, costs, and expenses incurred in this action, to be paid as provided by the FLSA, 29 U.S.C. § 216(b), and such other legal and equitable relief as the Court deems just and proper.

**WHEREFORE**, Plaintiff, on behalf of herself and all proposed putative members of the FLSA representative action, pray for relief as follows:

a. Designation of this action as a collective action on behalf of the proposed putative members of the FLSA representative action and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual Consents To Sue pursuant to U.S.C. § 216(b); and

b. Designation of Plaintiff, Melissa Greenstein, as Representative Plaintiff of the proposed putative members of the FLSA representative action; and

c. An award of damages for overtime compensation due for the Plaintiff and the putative members of the Class; and

d. An award of liquidated damages, to be paid by Defendant; or

e. Pre-Judgment and Post-Judgment interest, as provided by law; and

f. Costs and expenses of this action incurred herein, including reasonable attorneys' fees and expert fees; and

g. Any and all such other and further legal and equitable relief as this Court deems necessary, just and proper.

**SECOND CAUSE OF ACTION/ COUNT II**
***Kansas Wage Payment Act (KWPA)***

56. As far as the factual allegations set forth above are applicable to the claims made in Count II, the Plaintiff hereby incorporates all of the above paragraphs in this Complaint as if fully set forth in this Count.

57. The Plaintiff, on behalf of herself and all others similarly situated, bring a claim for Defendant's violation of the Kansas Wage Payment Act (KWPA), K.S.A. §44-312 *et seq*.

58. At all relevant times, Defendant has been, and will continue to be an, "employer" within the meaning of the KWPA, K.S.A. §44-313(a).

59. At all relevant times, Defendant has employed, and/or continue to employ, "employee[s]," within the meaning of the KWPA §44-313(b) including Plaintiffs and all others similarly situated.

60. At all relevant times, Defendant had a policy and practice of failing and refusing to pay its Producers all wages due, in violation of the KWPA, K.S.A. § 44-312, *et. seq*.

61. Defendant has violated, and continues to violate, the KWPA.

62. Class certification for claims under the KWPA is appropriate pursuant to Fed. R. Civ. P. 23(a) in that:

a. There are questions of law and fact arising in this action which are common to Plaintiff and putative members of the Class, including: (i) whether Defendant's pay plan and pay policies for the employees who work as Producers violate their compensation rights afforded under the KWPA, K.S.A. §44-312 *et seq*.; (ii) whether Defendant's conduct violated the KWPA; (iii) whether Plaintiff and other members of the class have suffered damages as a result of Defendant's violation of the KWPA; and (iv) the class-wide measure of damages; and,

b. For all other relevant reasons set forth in this Complaint.

63. This class action is brought by the Plaintiff, on behalf of herself and all others similarly situated, for Defendant's failure to pay wages due under the KWPA, and is being brought pursuant to FED. R. CIV. P. 23 (b)(2) and (b)(3).

64. Class certification of the respective Class is appropriate under FED. R. CIV. P. 23(b)(3) because a class action is the superior procedural vehicle for the fair and efficient adjudication of the claims asserted herein given that:

a. There is minimal interest of members of this class in individually controlling their prosecution of claims under the KWPA in that all claims will be similar in nature under the Court's analysis of the Defendant's pay plan and its compliance with these laws;

b. There is no known prior litigation being prosecuted against the Defendant by this class of employees for violations of the KWPA;

c. It is desirable to concentrate all the litigation of these claims in this form within this Court since all class members work in Kansas and all class members will have the same legal claims for violations of the KWPA;

d. There are no unusual difficulties likely to be encountered in the management of this case as a class action and Plaintiffs and their counsel are not aware of any reason why this case should not proceed as a class action on the claim that Defendant violated the KWPA; and

e. Class members can be easily identified from Defendant's business records, enabling class members to have their claims fairly adjudicated by the court or enabling them to opt-out of this class.

65. Class certification is appropriate under FED. R. CIV. P. 23(b)(2) because Defendant has acted on grounds generally applicable to the respective class members covered by the KWPA. Defendant has acted, and refused to act, on grounds generally applicable to the class, thereby making appropriate relief with respect to the class as a whole.

66. In the absences of a class action, the Defendant would be unjustly enriched because it would be able to retain the benefits and fruits of the wrongful violation of the KWPA.

67. The Plaintiffs have met the requirements of FED. R. CIV. P. 23(a), 23(b)(2) and 23(b)(3).

**WHEREFORE**, Plaintiff, on behalf of herself and all proposed Class Members, pray for relief as follows:

a. Declaring and certifying this action as a proper class action under FED. R. CIV. P. 23 for the claim that Defendant violated the KWPA and naming Plaintiff Melissa Greenstein as the proper class representative;

b. Declaring and determining that Defendant violated the KWPA by failing to properly pay compensation due the Plaintiff and other members of the Class;

c. Costs and expenses of this action incurred herein, including reasonable attorneys' fees and expert fees;

d. An award of damages for compensation due for the Plaintiff and the putative members of the Class;

e. Pre-Judgment and Post-Judgment interest, as provided by law; and

f. Any and all such other and further legal and equitable relief as this Court deems necessary, just and proper.

**JURY TRIAL DEMANDED**
**PLACE OF TRIAL: KANSAS CITY, KANSAS**

Respectfully submitted,
WILLIAMS LAW LLC

**/s/ Michael A. Williams**
Michael A. Williams Mo Bar No. 47538
1100 Main Street, Suite 2600
Kansas City, MO 64105
mwilliams@williamslawllc.com
(o) 816-876-2600
(f) 816-221-8763

Michael Hodgson
The Hodgson Law Firm, L.L.C.
11605 W. 116th St.
Overland Park, KS 66210
mike@thehodgsonlawfirm.com
(913) 890-3529

Attorneys for Plaintiff