IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

```
MELISSA GREENSTEIN, on behalf      )
of herself and all other persons   )
similarly situated,                )
                                   )
            Plaintiffs,            )
                                   )
     v.                            )    Case No. 11-2399-RDR
                                   )
MEREDITH CORPORATION,              )
                                   )
            Defendant.             )
_____)
```

**MEMORANDUM AND ORDER**

Plaintiff Melissa Greenstein has brought this action under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.* and the Kansas Wage Payment Act, K.S.A. 44-312 *et seq.* alleging unpaid straight time and overtime compensation. Plaintiff worked as a news producer for a Kansas City television station owned by defendant Meredith Corporation. This case is before the court upon a motion for conditional class certification under FLSA, 29 U.S.C. § 216(b), filed on behalf of Greenstein and other persons who have filed notices to join in the lawsuit.

Section 216(b) provides in part:

> An action to recover the liability prescribed [in § 216(b)] may be maintained . . . <u>by any one or more employees for and in behalf of himself or themselves and other employees similarly situated</u>. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

(emphasis added). In this case, the motion for conditional certification seeks "conditional certification of a class consisting of [a]ll [c]urrent and former Meredith employees employed in the position/title of 'producer' whose job duties involved the creation and coordination of local television programming, and/or promotions related to such programming, and who were classified by Meredith as exempt from the right to receive overtime." Doc. No. 36, p. 1. The motion also requests: an order designating Greenstein as class representative; an order approving plaintiff's counsel to act as class counsel; the court's approval of a proposed notice and method of distribution to putative class members; and a directive that defendant share certain employee information with plaintiff's counsel.

Defendant Meredith is a company that operates 12 television stations across the nation. Defendant does not object to conditional certification as to news producers who worked at defendant's Kansas City television station, but opposes conditional certification of a class including all other producers at the Kansas City station and all producers at defendant's other stations. Defendant also objects to plaintiff's proposed notice, the proposed procedure for distributing the notice, and to plaintiff's request for some employee information.

2

I.  Request for conditional certification

To succeed upon a motion for conditional certification, plaintiff must present substantial allegations that the putative class members were together the victims of a single decision, policy, or plan. Thiessen v. General Electric Capital Corp., 267 F.3d 1095, 1102 (10th Cir. 2001)(interior quotation omitted). As emphasized above, the class certification requested here is conditional; at a later stage in the case the court must make a second determination involving a stricter standard of class certification. Id. at 1102-03. The standard of certification at the present stage is a lenient one that typically results in class certification. Brown v. Money Tree Mortgage, Inc., 222 F.R.D. 676, 679 (D.Kan. 2004). The court does not weigh the evidence, resolve factual disputes, or rule on the merits of plaintiffs' claims. Gieseke v. First Horizon Home Loan Corp., 408 F.Supp.2d 1164, 1166-67 (D.Kan. 2006).

  A.  The complaint's allegations

The complaint alleges that plaintiff Greenstein was employed as a "producer" for defendant and paid on a salary basis. Doc. No. 1, ¶ 5. The complaint further alleges that defendant has had a policy of failing to compensate its "producers" straight time for all hours worked and overtime compensation for all hours worked in excess of 40 hours per week. Id., ¶ 21. The complaint asserts that plaintiff and the

3

putative class (producers who worked for defendant, but were not paid overtime) are similarly situated in that they had the same job duties and compensation structure.  Id., ¶¶ 25, 40 & 43.  The complaint asserts that plaintiff and the putative class are entitled to be paid overtime compensation under FLSA.  Id., ¶¶ 50-52.  Plaintiff contends in the complaint that she and other producers should have been classified as non-exempt, but defendant treated them as exempt from receiving overtime under FLSA.

B. Affidavits

Five affidavits have been submitted from former employees of defendant in support of the motion for conditional certification.  Three affidavits are from former news producers for defendant and they describe similar job responsibilities.  Doc. No. 37, affidavits of Melissa Greenstein, Morgan C. Smith and Daniel J. English, Exhibits E, F & H.  These affidavits state that the affiants commonly worked more than 40 hours a week, but were not paid overtime.  The affidavits also indicate that the affiants spoke with other news producers who worked for defendant and that these employees had similar duties and were compensated in the same manner.  These affidavits do not state where the affiants worked.

An affidavit from Kellee B. Divine, a former promotions producer at one of defendant's Kansas City stations, sets forth

4

her job responsibilities which are in some ways different, but which bear similarity to the duties of a news producer. Doc. No. 37, Exhibit G. She states in the affidavit that she has spoken to other promotions producers and that those employees had similar duties and were compensated in the same manner. According to her affidavit, she regularly worked more than 40 hours a week in the job of promotions producer. This is consistent with the affidavit of Daniel English who stated that he also worked as a promotions producer.

The substance of these affidavits is similar to the affidavit of John L. Gilmore, Jr. who worked as a sports producer for an Atlanta station operated by defendant. Doc. No. 37, Exhibit I.

C. Deposition testimony

Plaintiff has submitted the deposition testimony of Ms. Lora Koch, a human resources consultant in defendant's corporate headquarters. Ms. Koch testified that defendant's corporate office signed off on decisions regarding whether employees had exempt status under the FLSA.[1]

---

[1] In one of her depositions (Doc. No. 37-2), Ms. Koch testified that the corporate compensation office generally entered on job descriptions whether the job was exempt or non-exempt. Pp. 19-20. She stated that the compensation department signed off on whether positions were exempt and that questions about FLSA status were answered at that office. Pp. 26 & 30. She also stated that the compensation department decided what FLSA exemption would apply to a news producer position. P. 66.

5

D.  Job descriptions

Finally, plaintiff has included job descriptions for various producer positions at a number of stations owned by defendant.  Doc. No. 37-10.  These positions include: writer/producer; promotion producer; multimedia producer; news producer; creative services producer; topical promotion producer, and sports producer.  The jobs obviously are not the same, but each job involves creating and editing programming or commercials for broadcast on television or other media, as well as coordinating with other persons.

E.  Arguments for a narrower class certification

Defendant argues for a narrower class certification restricted to defendant's Kansas City television station and the position of news producer.  Defendant contends that this approach is more appropriate because plaintiff's allegations do not establish that the producers in plaintiff's proposed class would be similarly situated.  According to defendant, its television stations are scattered across the country and each station manages its own workforce through its own human resources manager.  Defendant asserts that each station creates its own job descriptions, recruits its own producers, and decides how the producers are classified, compensated and scheduled.  These arguments are supported by statements made in Ms. Koch's deposition.

Defendant further argues that the affidavits submitted by plaintiff are imprecise and rather limited in scope. The affidavits do not come close to addressing all categories of producers or all of defendant's television stations. The affiants also did not identify the sources of their information when they stated that they spoke with other producers for defendant.

   F.   Analysis of arguments and authority

Mindful, of course, that plaintiff's lenient burden at this stage is to present substantial allegations that the putative class members were together the victims of a single decision, policy, or plan, the court finds that plaintiff has satisfied that standard. Defendant's arguments regarding local office autonomy and differences in job responsibilities raise fact questions which are better suited for determination at the second stage of analysis where the court may consider "several factors, including (1) disparate factual and employment settings of the individual plaintiffs; [and] (2) the various defenses available to defendant which appear to be individual to each plaintiff . . ." Thiessen, 267 F.3d at 1103. It is not unusual for there to be some variation in the duties of the class members. See Santiago v. Amdocs, Inc., 2011 WL 6372348 (N.D.Cal. 12/19/2011)(conditionally certifying class of information technology employees from different "job families"

7

and who held different job "roles"); Renfro v. Spartan Computer Services, Inc., 243 F.R.D. 431, 434 (D.Kan. 2007)(conditionally certifying a class of field technicians and installers with numerous job titles); Pivonka v. Bd. Of County Commissioners, 2005 WL 1799208 *4 (D.Kan. 7/27/2005)(conditionally certifying class of paramedics, lieutenants and captains); Moss v. Crawford & Co., 201 F.R.D. 398 (W.D.Pa. 2000)(denying de-certification of class of monitors, adjusters, invoice reviewers and supervisors for an insurance company).

In Holbrook v. Smith & Hawken, Ltd., 246 F.R.D. 103, 106 (D.Conn. 2007), the court certified a class of assistant store managers in spite of an argument that the sheer number of stores and store locations (60 stores in 23 states) made it impossible to classify all assistant store managers as similarly situated. The court held that: "The court need not find uniformity in each and every aspect of employment to determine a class of employees are similarly situated." The Holbrook court cited Scott v. Aetna Services, Inc., 210 F.R.D. 261, 264-65 (D.Conn. 2002) to support its holding. In Scott, the class members were computer systems engineers whose job functions were rather generally described. The court, upon a motion for de-certification, held that while each systems engineer spent his or her time on somewhat different assignments, this did not

8

refute the conclusion that the job duties were sufficiently similar for class certification.

Here, there may be a lack of uniformity. Indeed, some producers may have been classified as non-exempt. Nevertheless, the court finds there are sufficient substantial allegations to support a claim that defendant had a general policy or plan of misclassifying producers as exempt employees.

Defendant contends that this court should follow the result in Ruiz v. Serco, Inc., 2011 WL 7138732 (W.D.Wis. 8/5/2011) where conditional certification was denied. The court believes the Ruiz decision can be distinguished upon its facts. In Ruiz, the proposed class included approximately 1,000 employees working in 15 different positions under different supervisors and in different locations around the country. The proposed class in this case does not appear to be as large, although it does include different positions in different locations across the country. More importantly, the court in Ruiz found that the evidence did not demonstrate that the primary duties of the potential class members were substantially similar or that they exercised similar levels of discretion and responsibility. Id. at *5. Finally, the court found that individual managers made the exemption determinations and did not follow a single decision or policy to classify all employees in a certain

category as exempt. Id. at *7. Here, there is evidence that exemption decisions were made at the corporate office level.

Defendant also cites MacGregor v. Farmers Insurance Exchange, 2011 WL 2981466 (D.S.C. 7/22/2011) to support its position. In MacGregor, however, the court found that the plaintiffs did not allege a single or common policy or plan. Instead, the plaintiffs alleged "a conglomeration of policies and practices" stemming from individual supervisors' decisions. Id. at *3.

Finally, defendant makes extensive reference to two Kansas cases: Braun v. Superior Industries International, Inc., 2010 WL 3879498 (D.Kan. 9/28/2010) and Stubbs v. McDonald's Corporation, 227 F.R.D. 661 (D.Kan. 2004). These cases are also distinguishable from the allegations in this case. In Braun, the court limited its certification to employees from one facility, though the company was operating or had operated five facilities in four different states, because the plaintiffs' allegations indicated that "the alleged policy was implemented by a handful of 'rogue' supervisors" at one facility. Braun, at *6. In Stubbs, the plaintiff wished to certify a class of second assistant and first assistant managers. But, the plaintiff provided only one affidavit from a second assistant manager (the plaintiff) and no affidavits from first assistant managers. Moreover, the court found that the plaintiff's

10

affidavit could only speculate regarding the presence of a single decision, policy or plan. There was a second affidavit from the plaintiff's wife, who also worked for the same employer, but the court found that it added little to the plaintiff's allegations. The court finds that the allegations in the case at bar provide significantly greater support for the conditional certification motion than was provided by the movants in Braun and Stubbs.

On the basis of this analysis and authority the court shall grant the requested conditional class certification.

II. Objections to proposed notice

Several issues have been raised regarding the notice plaintiff proposes be sent to putative class members. Defendant first objects to statements such as "your legal rights are affected" and that a choice must be made "now." The court will not sustain this objection. The rights to participate in this case are affected by making the decision as to whether to opt-in to the case. Defendant also objects to the model used by plaintiff for the proposed notice. But, this general model appears to have been used in another case in this district. Allen v. Mill-Tel, Inc., Case No. 11-1143. The court, however, agrees with defendant that putative class members should not be advised that by failing to opt-in they may be "jeopardizing your right to sue."

11

Next, defendant objects to any implication that the court approved of the merits of the case which might be conveyed by placing the court's title as a heading to the notice. The court concurs with this objection as far as placing the court's title as a heading to the notice, but it is permissible to say that the court authorized the sending of the notice.

Defendant objects that the notice fails to inform class members that they might have to be deposed, testify or appear in Kansas City, or that there is a possibility that they could be responsible for costs. The court sustains this objection. See Allen v. Mill-Tel, Inc., 2012 WL 2872160 *7 (D.Kan. 7/12/2012).

Defendant's remaining objections regarding the deadline to respond to the notice and the date defining eligibility to participate in the class action appear to be conceded by plaintiff.

Defendant has asked that the court direct that the parties confer with each other following the issuance of this order in an attempt to agree upon a proposed notice. The court agrees with this proposal.

III. Objections to requested notice distribution procedures

Defendant objects to the request that defendant post the notice at the workplace. The court shall sustain this objection. See Hadley v. Wintrust Mortg. Corp., 2011 WL 4600623 *4 (D.Kan. 10/3/2011); Wass v. NPT Int'l, Inc., 2011 WL 1118774

12

*12 (D.Kan. 3/28/2011). Defendant also objects to the request that defendant be required to place notices with paychecks delivered to employees. The court shall sustain this objection as well. It is reasonable to think that both of these proposed measures are unnecessary.

The court shall also sustain defendant's objection to plaintiff's request for e-mail addresses and social security numbers of putative class members for the following reasons. First, defendant states that it does not collect employees' personal e-mail addresses. Second, at this time, it is not clear that this information is necessary for plaintiff to contact the persons who need to receive the notice. Without a showing of necessity, the court denied a request for social security numbers in Allen, supra at *8. If, at a later time, plaintiff wishes to approach the court on this matter again, plaintiff may do so.

Additionally, the court shall deny defendant's objection to plaintiff's request for phone numbers. See Hadley, supra. In its remaining aspects, the request for electronic and hard copies of employee information for all individuals who meet the class description shall be granted.

IV. Conclusion

Consistent with the court's comments in this memorandum and opinion, the court shall grant in part and deny in part

13

plaintiff's motion for conditional certification. Doc. 36. The court shall conditionally certify the proposed class in the motion. Melissa Greenstein shall be designated as class representative and plaintiff's counsel are approved to act as class counsel.

Plaintiff's request for approval of a proposed notice to class members is denied consistent with this order. The court directs that counsel for both sides meet and confer within 14 days in an attempt to agree upon a proposed notice and consent form. If agreement is reached, the parties shall submit a joint proposed notice and consent form to the court for approval within 14 days. If the parties are unable to reach an agreement, then plaintiff shall file a motion within 7 days to seek approval of a proposed form and defendant shall have 7 days to respond to plaintiff's motion. Defendant may, if necessary, submit an alternative proposed notice and consent form.

The court shall decline plaintiff's request for an order that the notice be posted at the workplace or that it be transmitted with paychecks. The court shall also decline, without prejudice, plaintiff's request for production of email addresses and social security numbers. Otherwise, the request for electronic and hard copies of employee information for all individuals who meet the class description shall be granted.

**IT IS SO ORDERED.**

Dated this 23rd day of April, 2013, at Topeka, Kansas.

                                            s/Julie A. Robinson
                                            United States District Judge