IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| MELISSA GREENSTEIN, on behalf of herself and all other persons similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 11-2399-RDR |
| MEREDITH CORPORATION, | ) ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This case is before the court upon plaintiffs' motion for equitable tolling. Doc. No. 49. This is a FLSA action alleging that defendant treated producers who worked at its television stations as exempt from requirements to pay overtime when they were not exempt. On April 23, 2013, this court granted a motion for conditional class certification and directed that notice be sent to producers in the relevant class informing them about this litigation. The motion to conditionally certify the class was filed on June 8, 2012 and briefing on the motion was completed on July 19, 2012. Under the FLSA, the statute of limitations is tolled only after a plaintiff has filed a consent to opt into the class action. 29 U.S.C. § 256(a), (b). So, if a member of the class was not aware of this action or, for some other reason, failed to opt in before the limitations period

expired, that person's right to relief under the FLSA will have terminated unless the running of the period has been tolled.

Plaintiffs ask the court to hold that the statute of limitations shall be tolled for the period of time from when plaintiffs filed their motion for conditional class certification until the court issued the conditional certification order – approximately an eleven-month span. Plaintiffs argue that it is unfair that some potential class members may have not known of this litigation and had their claims expire while the motion for conditional class certification and notice to class members was pending for decision by the court. As plaintiffs put it:

> The bottom line is the Court's certification took longer than usual. The absent class members are harmed by this delay. As a result, the delay provides good cause for the Court to grant equitable tolling . . .

Doc. No. 58, p. 10. Plaintiffs do not claim that there is anything unusual about this case other than the amount of time taken to decide the certification motion.

Defendant opposes the motion arguing, among other points, that applying equitable tolling under these circumstances would make it a matter of normal course, which is arguably contrary, first, to the rules courts often apply to requests for equitable tolling, and, second, to Congress's intent when it established

the rules for the commencement of an action by parties who opt into conditionally certified class lawsuits.

Courts have decided this issue both ways in FLSA cases. Cf., e.g., Bergman v. Kindred Healthcare, Inc., 2013 WL 2632596 *7-8 (N.D.Ill. 6/11/2013)(granting equitable tolling) with Garrison v. ConAgra Foods Packaged Food, LLC, 2013 WL 1247649 *4-5 (E.D.Ark. 3/27/2013)(denying equitable tolling). After due consideration, the court shall deny plaintiffs' motion for equitable tolling for the following reasons.

First, plaintiffs' grounds for tolling do not meet the general standards for equitable tolling acknowledged by the Supreme Court and the Tenth Circuit. The Supreme Court has not addressed equitable tolling in the FLSA context. But, the Court has stated in other situations that the doctrine should be used rarely or sparingly. See Wallace v. Kato, 549 U.S. 384, 396 (2007)("a rare remedy to be applied in unusual circumstances"); Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (2005)("typically extended . . . only sparingly"). Here, plaintiff does not offer a principled distinction between a one-month delay and an eleven-month delay which would justify the failure to apply equitable tolling in every case.

The Tenth Circuit also has not addressed equitable tolling in a FLSA case. But, the Tenth Circuit has observed generally that: "Equitable tolling may be appropriate where 'the

defendant has actively misled the plaintiff respecting the cause of action, or where the plaintiff has in some extraordinary way been prevented from asserting his rights . . . .'" Million v. Frank, 47 F.3d 385, 389 (10th Cir. 1995)(quoting Carlile v. South Routt Sch. Dist., 652 F.2d 981, 985 (10th Cir. 1981)). Neither of these two scenarios is applicable here. Plaintiffs have not asserted plausible grounds upon which to find that defendant actively misled plaintiffs or other members of the conditionally certified class respecting the cause of action in this matter. See Abbey v. U.S., 106 Fed.Cl. 254, 287 (Fed.Cl. 2012)(government agency policies are not the kind of concealment or secretive conduct which would prevent the plaintiffs from becoming aware of an FLSA injury); Huggins v. U.S., 2005 WL 6112625 *8 (Fed.Cl. 8/16/2005)(plaintiffs not misled by repeated assertions that they were properly classified); Aly v. Butts County, 841 F.Supp. 1199, 1202 (M.D.Ga. 1994)(same). The court further finds that the delay in deciding the motion for conditional class certification is not an "extraordinary" circumstance. See, e.g., Young v. Dollar Tree Stores, Inc., 2013 WL 1223613 (D.Colo. 3/25/2013)(10-month delay); Vargas v. General Nutrition Centers, Inc., 2012 WL 5336166 *7-9 (W.D.Pa. 10/26/2012)(11-month delay from filing of motion for conditional certification).

A second reason to deny the motion for equitable tolling is that plaintiffs' grounds for tolling do not meet the standards employed by other judges in this district. When dealing with contested motions for equitable tolling in FLSA cases, other judges in this district have applied the following five factors drawn from Archer v. Sullivan County, 1997 WL 720406 *3 (6th Cir. 11/14/1997) and Graham-Humphreys v. Memphis Brooks Museum of Art, Inc., 209 F.3d 552, 561 (6th Cir. 2000):

> 1) whether the plaintiffs lacked actual notice of their rights and obligations; 2) whether they lacked constructive notice; 3) the diligence with which they pursued their rights; 4) whether the defendant would be prejudiced if the statute were tolled; and 5) the reasonableness of the plaintiffs remaining ignorant of their rights.

Green v. Harbor Freight Tools USA, Inc., 888 F.Supp.2d 1088, 1107 (D.Kan. 2012)(addressing whether to stay a decertification order); In re Bank of America Wage and Hour Emp't Litig., 2010 WL 4180530 *6 (D.Kan. 10/20/2010); Smith v. BNSF Railway Co., 246 F.R.D. 652, 654-55 (D.Kan. 2007). In most instances, equitable tolling has been denied when it has been contested.[1]

---

[1] In Smith, the court applied the listed factors and denied equitable tolling. In In re Bank of America, the court granted equitable tolling because it found the putative plaintiffs could have relied upon a court order to believe they could wait to file an opt-in form. In Allen v. Mill-Tel, Inc., 2012 WL 2872160 *8 (D.Kan. 7/12/2012), the court declined to order equitable tolling where the plaintiffs did not allege active deception or allege facts for the court to consider the equitable factors relied upon in Smith. In Pegues v. CareCentrix, Inc., 2013 WL 1896994 *5 (D.Kan. 5/6/2013), the court denied equitable tolling where plaintiff suggested no facts making joining the lawsuit impossible or demonstrating interference by the defendant). Tolling was ordered in Pinkston v. Wheatland Enterprises, Inc., Case No. 11-2498 (D.Kan. 3/22/2013), but there was no opposition from defendant.

5

Obviously, these standards do not concern the delay in deciding a motion for conditional class certification and, therefore, by focusing upon that factor plaintiffs have not demonstrated good grounds for equitable tolling. Applying those standards to this case, the court concludes that equitable tolling should be denied. It appears that potential opt-in plaintiffs have had the same notice of their rights and obligations available to them as did the named plaintiff in this case.[2] They were aware that they were treated as exempt employees and not compensated for overtime. In addition, plaintiffs' counsel have engaged in outreach efforts (with assistance from information supplied by defendant) to notify potential opt-in plaintiffs of this litigation. The court has no claim or information that potential opt-in plaintiffs have diligently attempted to pursue their rights or had diligent efforts blunted. Defendant may face additional claims if the court orders equitable tolling, but the court has no reason to find that this would be unduly prejudicial. Finally, the court is not aware of reasons for potential opt-in plaintiffs to remain ignorant of their rights which should compel equitable

---

[2] If this notice was not effective in informing potential plaintiffs of their rights, it may not require equitable tolling. As defendant has noted, the Tenth Circuit ruled in a Railroad Retirement Act case that lack of knowledge of the applicable law did not warrant equitable tolling. Gatewood v. Railroad Retirement Board, 88 F.3d 886, 890 (10th Cir. 1996). See also, Young, 2013 WL 1223613 *2 ("Generally, potential opt-in plaintiffs are presumed to be aware of the facts and circumstances of their employment . . . that form the basis of each plaintiff's FLSA claim").

tolling.  In addition to the above-mentioned opportunities to obtain notice, it appears that defendant changed its classification of producers after the filing of this litigation.  This action would provide some notice to a potential plaintiff of the possibility of a FLSA claim.  After considering the five factors listed above, the court finds that equitable tolling is not justified.

In conclusion, for the above-stated reasons, the court shall deny plaintiffs' motion for equitable tolling.

**IT IS SO ORDERED.**

Dated this 6th day of August, 2013, at Topeka, Kansas.

*s/ Richard D. Rogers*
United States District Judge