IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **MELISSA GREENSTEIN** | ) |
| | ) |
| **On behalf of herself** | ) |
| **and all other persons similarly situated,** | ) |
| | ) Cause of Action No 11-cv-2399 RDR/KGS |
| **Plaintiffs,** | ) |
| | ) |
| vs. | ) |
| | ) |
| **MEREDITH CORPORATION,** | ) |
| | ) |
| **Defendant.** | ) |

## ORDER GRANTING APPROVAL OF FLSA SETTLEMENT

WHEREAS:

      A.    The named Plaintiff Melissa Greenstein, in the above-captioned action (the "Litigation"), individually and as Collective Action Representative, and Defendant Meredith Corporation, by their respective counsel of record, appeared before this Court for approval of a Settlement Agreement and Release ("Agreement");

      B.    This Court has duly considered the submissions presented with respect to the Agreement addressing the collective class claims asserted in the Litigation under the Fair Labor Standards Act ("FLSA") and otherwise;

      C.    All capitalized terms in this Order with respect to the Agreement addressing the collective class claims asserted that are not otherwise defined have the same meaning as in the Agreement;

      NOW THEREFORE, after due deliberation, this Court hereby ORDERS that:

      1.    This Order ("FLSA Approval Order") will be binding on the FLSA Collective Class Members as defined in the Agreement.

      2.    The Agreement is fair, reasonable and adequate, is in the best interests of the FLSA Collective Class Members, should be, and hereby is, approved, especially in the light

{249162.DOC }

of the benefits to the FLSA Collective Class Members accruing therefrom, the substantial discovery and investigation conducted by Class Counsel prior to the proposed Settlement, and the complexity, expense, risks and probable protracted duration of further litigation.

3. Within twenty (20) days after entry of this Order, the Defendant shall issue payment to each FLSA Collective Class Member.

5. This Litigation is hereby dismissed in its entirety, on the merits, as against Meredith Corporation, with prejudice, and without costs to any party, except to the extent otherwise expressly provided in the Agreement. This Court intends this FLSA Approval Order to be "Final" within the meaning of the Federal Rules of Civil Procedure and the Federal Rules of Appellate Procedure.

6. All FLSA Class Members shall conclusively be deemed for all purposes to be permanently barred from commencing, prosecuting, or otherwise maintaining in any court or forum any action against the Released Parties any and all FLSA Released Claims.

7. Class Counsel's application for an award of attorneys' fees and reimbursement of costs as set forth in the Settlement is hereby approved.

8. Without affecting the finality of this FLSA Approval Order, this Court retains exclusive jurisdiction over the consummation, performance, administration, effectuation and enforcement of this FLSA Approval Order. In addition, without affecting the finality of this FLSA Approval Order, this Court retains jurisdiction over Defendant, Named Plaintiff and each FLSA Class Member for the purpose of enabling any of them to apply to the Court for such further orders and directions as may be necessary or appropriate for the construction and implementation of the terms of the Agreement and this FLSA Approval Order. Defendant, the Class Representatives, and each FLSA Class Member are hereby deemed to have submitted irrevocably to the exclusive jurisdiction of this Court for any suit, action, proceeding or dispute relating to this FLSA Approval Order or the Agreement, except to the extent remitted by the Settlement for resolution in a different forum.

9. The Court finds, pursuant to Fed. R. Civ. P. 54(b), that there is no just reason for delay, and directs the Clerk to enter this Order of Approval.

Dated this 25th day of October, 2013.    **SO ORDERED:**

*s/Richard D. Rogers*
United States District Court Judge